UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN DE LEON, JR.,

      Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CV-1533 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Steven De Leon, Jr. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) alleging the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") improperly denied Plaintiff's request for a waiver of overpaid Title II benefits. Plaintiff and Defendant both move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Mem. of Law in Supp. of Pl. Mot. for J. on the Pleadings ("Pl. Mem."), ECF No. 12; Mem. of Law in Supp. of Def.'s Mot. for J. on the Pleadings ("Def. Mem."), ECF No. 14. For the reasons that follow, Defendant's motion is **GRANTED**, and Plaintiff's motion is **DENIED**.

## PROCEDURAL HISTORY

On September 16, 2010, the Social Security Administration ("SSA") advised both Plaintiff, then 14-years-old, and Edith Arenas, his mother and representative payee, it would stop dependent benefits on the earnings record of his disabled father, Steven De Leon ("Mr. De Leon"), until it could determine whether Mr. De Leon continued to be disabled. *Id.* at at 67-69. After determining Mr. DeLeon had been working at a substantial gainful level since June 2008, and was therefore no longer disabled and entitled to benefits, the SSA advised Plaintiff on December 15, 2010, he was no longer entitled to auxiliary or dependent benefits. *Id.* at 73-74; *see id.* at 71-72 (father's notice); *see also id.* at 50-56 (father's earning record).

On February 15, 2011, the SSA informed Plaintiff he had been overpaid Title II benefits in the amount of $20,130.00. *Id.* at 75-78. Reminder payment owed statements were also

periodically sent. *See id.* at 82-85. On March 1, 2011, Plaintiff was informed his own dependent benefits had been suspended. *Id.* at 79-80.

On October 4, 2011, Plaintiff requested waiver of the overpayment because neither he nor his mother were at fault in causing the overpayment because they were not living in the same household as his father and could not have been expected to know about his work activity. *Id.* at 90-99. The SSA denied Plaintiff's request for a waiver on December 10, 2012, and Plaintiff subsequently requested a hearing. *See id.* at 65-66; 90-91; 103. He appeared with his mother before Administrative Law Judge ("ALJ") Jay Cohen on July 17, 2013. *See id.* at 46. In a decision dated December 20, 2013, the ALJ concluded Plaintiff was liable for the overpayment. The ALJ found Plaintiff was not at fault in causing the overpayment, but recovery of the overpayment would not defeat the purpose of the Act and would not be against equity and good conscience because Plaintiff's mother, who was his representative payee, and her current husband had earned $94,489.00 in 2011. *Id.* at 48. Plaintiff retained his current attorney and requested review of the ALJ decision. *See id.* at 233, 245-52. On July 17, 2015, the Appeals Council granted Plaintiff's request, vacated the decision, and remanded the case for further administrative proceedings. *Id.* at 38-42. As the Appeals Council explained, Plaintiff was a minor through the date of the ALJ decision, and recovery from a minor would usually defeat the purpose of the Act. *Id.* at 41. The ALJ had relied on the income of Plaintiff's mother without making a separate determination whether she, as representative payee, was at fault and liable in her own capacity for the overpayment. *Id.* at 38-42.

Pursuant to the remand order, ALJ Cohen conducted a de novo hearing on November 17, 2015. *Id.* at 348-70. In a decision dated June 29, 2016, the ALJ again determined neither Plaintiff nor his mother were at fault in causing the overpayment, but that recovery would not

defeat the purpose of the Act or be against equity and good conscience. *Id.* at 14-23. The ALJ noted, before the hearing, in October 2015, Plaintiff had received a wrongful death settlement sum of $149,402.00. Plaintiff was liable to pay the overpayments. *Id.* at 23. On January 19, 2018, the Appeals Council denied Plaintiff's request for review, making the Commissioner's decision final. *Id.* at 4-9.

## STATEMENT OF FACTS

In 2002, Plaintiff's father, Mr. De Leon, and his mother, Ms. Arenas, separated. *Id.* at 353. Ms. Arenas was awarded custody of Plaintiff, and Mr. De Leon, temporary and supervised visitation rights. Ms. Arenas later obtained an order of protection against Mr. De Leon, directing him to stay away from her, her daughter, and Plaintiff. *Id.* at 155-57; 252.

Mr. De Leon earned $36,050.90 in 2008, $58,557.24 in 2009, and $59,466.32 in 2010, while he received disability insurance benefits and Plaintiff received auxiliary child benefits. *Id.* at 50-55. These earnings resulted in overpayment to him and to Plaintiff for the months of June 2008 through August 2010. *Id.* at 90.

By 2011, Ms. Arenas married M. Rivera, whose tax forms for 2011 indicate a joint income of $94,489.00. *Id.* at 141.

On July 18, 2014, Plaintiff's father was in a motor vehicle accident. *Id.* at 243. He died shortly thereafter, and his family brought a wrongful death action against the driver. *Id.* at 238. On October 21, 2015, the Surrogates Court of the State of New York settled the wrongful death action and issued a decree noting Plaintiff, as the deceased's only child, was the sole recipient of the settlement and was to be paid $149,402.00, representing the balance of the settlement proceeds after payment of legal fees and other disbursements. *Id.* at 238-31.

3

In August of 2014, Plaintiff turned eighteen-years-old and began communicating directly with the SSA about the overpayment. *See, e.g., id.* at 256-58, 263. He appointed New York Legal Assistant Group as his representative. *Id.* at 259. On April 3, 2015, Plaintiff wrote the Appeals Council requesting $3,980.27 of disability checks he had returned to the SSA be deducted from the overpayment owed. *Id.* at 259, 263, 274-80. Plaintiff stated, *inter alia*, he was now an adult and only his "income and resources should be used to determine whether recover of the overpayment defeats the purpose." *Id.* Plaintiff included a statement of his expenses, indicating his monthly household expenses totaled $875.00. *Id.* at 298.

At the November 17, 2015 hearing, Ms. Arenas testified Plaintiff had been receiving about $700.00 per month in dependent's benefits under his father's SSA record, and she, as his representative payee, used the money for his expenses. *Id.* at 353, 359. Other than court proceedings, Ms. Arenas had not had contact with Mr. De Leon over the years. *Id.* at 354. Ms. Arenas testified Mr. De Leon had paid, and she had received, child support payments. *Id.* at 354-56, 358. These payments continued even when Mr. De Leon became disabled and started collecting disability insurance benefits. *Id.* at 356.

## STANDARD OF REVIEW

When reviewing a final decision of the Commissioner, the Court's function is not to evaluate *de novo* whether the claimant has a disability but rather to determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is "more than a mere scintilla"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks

omitted). The reviewing court must examine the entire record, weighing the evidence on both sides to ensure the claim "has been fairly evaluated." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

The Commissioner, not the courts, "weigh[s] the conflicting evidence in the record" and resolves such conflicts. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). "While the ALJ need not resolve every conflict in the record, the crucial factors in any determination must be set forth with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268-69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation marks omitted). To fulfill this burden, the ALJ must "'adequately explain his reasoning in making the findings on which his ultimate decision rests'" and must "'address all pertinent evidence.'" *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

## DISCUSSION

In the present case, Plaintiff does not challenge the ALJ's finding he and his mother were without fault, nor does he argue he could not meet his living expenses such that recovery would defeat the purpose of the Act. *See* Pl. Mem. at 7; Pl. Reply Mem. in Support of Mot. for J. on the Pleadings ("Pl. Reply") at 2, ECF No. 17. The issue is therefore limited to whether recovery was not against equity and good conscience.

I.  **Legal Framework**

"An overpayment is a payment of an amount more than the amount due for a given

5

period . . . [i]f an individual receiving SSI benefits is incorrectly paid more than the amount he is entitled to, the Commissioner is authorized to seek a repayment of the excess amount of benefits." *Mesias v. Doe*, 11-CV-2373, 2012 WL 3704824, at *3 (E.D.N.Y. Aug. 24, 2012) (Mauskopf, J.) (citing 20 C.F.R. §§ 416.537 & 416.550; 42 U.S.C. § 1383(b)(1)(A)). The Act permits a waiver of overpayment recovery if an individual is (1) without fault; and (2) repayment would (a) defeat the purpose of the Act; (b) be against equity and good conscious; or (c) impede the efficient or effective administration of the SSI program. 42 U.S.C. § 1383(b)(1)(B); 20 C.F.R. § 416.550. A finding of fault is sufficient to deny a request for a waiver of overpayment. *See Chlieb v. Heckler*, 777 F.3d 842, 846 (2d Cir. 1985). The recipient of the benefits bears the burden to demonstrate overpayment was not his or her fault, and recovery of the funds would be inequitable or defeat the purposes of the Act. *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1042 (2d Cir. 1984).

The Commissioner has promulgated regulations interpreting the meaning of "against equity and good conscience" in 20 C.F.R. § 404.509(a). Recovery of an overpayment will be against equity and good conscience if an individual (1) changed his or her position for the worse or relinquished a valuable right because of reliance upon a notice a payment would be made or because of the payment itself; or (2) was living in a separate household from the overpaid person at the time of the overpayment and did not receive the overpayment. 20 C.F.R. § 404.509(a). Under Social Security Ruling ("SSR") 64-7, a representative payee who receives an overpayment on behalf of a beneficiary may, under certain circumstances, be jointly and individually liable for the overpayment.

## II. Analysis

Plaintiff argues the ALJ erred in applying an overly narrow view of the "equity and good

conscience" standard and should have espoused an interpretation broader than that promulgated in 20 C.F.R. § 404.509(a). Evidently, Plaintiff would have the ALJ go beyond the definitions set forth in the Commissioner's regulation and apply a "broader concept of fairness" adopted by the Eighth and Ninth Circuits. *See generally* Pl. Mem.; Pl. Reply. But as Plaintiff and Defendant correctly point out, the Second Circuit has not endorsed a broader interpretation at this time. *See Valente*, 733 F.3d at 1047 (directing the ALJ to consider the requirements of 20 C.F.R. § 404.509 in discussing the equity and good conscience analysis). Moreover, the Commissioner's interpretation in 20 C.F.R. § 404.509 is entitled to great deference, where 42 U.S.C. § 404 does not define the standard "equity and good conscience," and the agency's interpretation considers explicitly the scenarios in which a recovery of overpayment would be inequitable. Thus, the ALJ reasonably applied 20 C.F.R. § 404.509(a) to its determination recovery would not be against equity and good conscience such that a waiver would be appropriate. The ALJ need not address whether under a broader interpretation of "equity and good conscience" it would be unfair to require Plaintiff to return the overpayments.

Moreover, substantial evidence supports the ALJ's decision. The ALJ found Plaintiff received the overpayment and did not change his position for the worse or give up a valuable right by relying on the overpayment. Plaintiff concedes, after all, none of the limited circumstances in which 20 C.F.R. § 404.509(a) would allow a waiver of overpayment recovery are present in this case. *See* Pl. Mem. at 7-8.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings, ECF No. 14, is GRANTED, Plaintiff's motion for judgment on the pleadings, ECF No. 12, is DENIED. Defendant's determination denying Plaintiff a waiver of overpayment recovery is affirmed.

7

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

/s/(WFK)

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2019
       Brooklyn, New York